**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR GALPO BALMACEDA, | No. 17-71911 |
| Petitioner, | Agency No. A027-262-126 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2019**
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Arthur Galpo Balmaceda, a citizen of the Phillippines, petitions for review

of the Board of Immigration Appeals' (BIA) decision affirming an immigration

judge's denial of his application for adjustment of status and order of removal.  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts and the procedural history, we need not recount it here.

We may review the denial of adjustment of status only as to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). "[A] decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law." *Id.* § 1252(b)(4)(C). We review de novo due process challenges to removal orders. *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008).

1. Balmaceda cannot state a due process violation for denial of adjustment of status. A grant of adjustment of status is discretionary, and an alien has no protected liberty or property interest in a grant of discretionary relief. *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665-66 (9th Cir. 2016). Insofar as Balmaceda's due process arguments target the IJ's denial of adjustment of status, they necessarily fail.

2. Balmaceda has not argued that the BIA's decision that he is inadmissible was manifestly contrary to law. Therefore, that determination remains conclusive. 8 U.S.C. § 1252(b)(4)(C).

3. Balmaceda has not demonstrated error or substantial prejudice necessary to vacate his removal order on due process grounds. *See Gonzaga-*

*Ortega v. Holder*, 736 F.3d 795, 804 (9th Cir. 2013). We vacate a removal order "on due process grounds only if the proceeding was 'so fundamentally unfair that the [petitioner] was prevented from reasonably presenting his case.'" *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006)). The record reflects that Balmaceda's hearing spanned six days, throughout which Balmaceda introduced copious evidence, had an opportunity to rebut the government's evidence, and called multiple witnesses. The IJ applied the correct standard to the admission of country conditions evidence. *See Baliza v. INS*, 709 F.2d 1231, 1233 (9th Cir. 1983). The IJ's decision further demonstrates a careful weighing of this evidence against Balmaceda's evidence and witnesses. Therefore, we conclude that Balmaceda was not prevented from reasonably presenting his case.

**PETITION DENIED.**